UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

ANNA MARIE BROOKS,

           Debtor.

_____/

D. C.-B., A Minor Child,

           Plaintiff,

v.

ANNA MARIE BROOKS,

           Defendant.

_____/

Case No. DL 17-05050
Hon. Scott W. Dales
Chapter 7

Adversary Pro. No. 18-80031

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                    Chief United States Bankruptcy Judge

Non-party Christopher Bucceri filed a complaint to determine dischargeability and objection to discharge, together with a Petition and Order for Appointment of Next Friend (ECF No. 1-7, the "Next Friend Petition") on behalf of plaintiff D. C.-B. (the "Plaintiff") against debtor-defendant Anna Marie Brooks (the "Defendant"). The court reviewed the Next Friend Petition and set the matter for hearing, which took place on March 22, 2018 in Lansing, Michigan. Both Mr. Bucceri and the Defendant appeared without counsel.

Mr. Bucceri credibly testified that the Plaintiff is twelve years of age, and that Mr. Bucceri is the Plaintiff's father. Although the Plaintiff's mother and Mr. Bucceri live separately and share custody under the Opinion Regarding Custody and Parenting Time dated Aug. 23, 2011 (entered in Case No. 07-04-218-DC in the Circuit Court for Branch

County, Michigan), the testimony established that the two parents, though not always in agreement, generally share in making the usual parental decisions, for example regarding education, health and welfare, sports and other activities.  Based on the testimony, and the Branch County custody opinion, the court finds that Mr. Bucceri is the Plaintiff's father, and therefore a general guardian.

Under Fed. R. Civ. P. 17(c)(1)(A), applicable in this adversary proceeding by virtue of Fed. R. Bankr. P. 7017, a general guardian may sue on behalf of a minor.  As Judge Enslen recognized twenty years ago, a parent is a guardian who may sue as a minor's representative.  *See Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 26 F. Supp. 2d 1001, 1006 (W.D. Mich. 1998); *see also Russick v. Hicks*, 85 F. Supp. 281 ((W.D. Mich. 1949) (no need to appoint next friend in action brought by father on behalf of minor children).  Because Mr. Bucceri may sue on behalf of his minor daughter as her parent without resort to any appointment as next friend or guardian *ad litem* under Fed. R. Civ. P. 17(c)(2), the court will deny the Next Friend Petition as unnecessary.

Concluding that Mr. Bucceri is a proper representative, however, does not mean that he may represent the Plaintiff without counsel.  As the Sixth Circuit has observed, "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative."  *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002); *Lawson v. Edwardsburg Pub. Sch.*, 751 F. Supp. 1257, 1258–59 (W.D. Mich. 1990) (litigant has the right to act as his or her own counsel under 28 U.S.C. § 1654 but may not represent the interests of his or her minor child without counsel); *cf. Marquette Prison Warden v. Meadows*, 318 N.W.2d 627 (Mich. App. 1982) (same result under Michigan law).

Accordingly, as the court stated on the record, Mr. Bucceri must retain counsel if he wishes to continue prosecuting his daughter's claims against the Defendant. If he fails to retain counsel, the court will dismiss the complaint without prejudice.[1] The unauthorized practice of law is forbidden as a matter of state and federal law, and the court will not hesitate to enforce the proscription.

At the hearing, the Defendant suggested that the Plaintiff's mother does not support Mr. Bucceri's pursuit of this adversary proceeding. Although she was allegedly aware of the adversary proceeding and yesterday's hearing, the mother did not appear. Nevertheless, in response to the Defendant's suggestion, the court asked Mr. Bucceri to provide the name and address of the Plaintiff's mother so that the Clerk may apprise her of today's decision. The court assumes that Mr. Bucceri will also keep the Plaintiff's mother informed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Next Friend Petition is DENIED as unnecessary.

IT IS FURTHER ORDERED that this adversary proceeding will be dismissed, without prejudice and without further notice, unless counsel for the Plaintiff files an appearance within 28 days after entry of this Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Christopher Bucceri, Anna Marie

---

[1] Although the dismissal would be without prejudice, the deadline prescribed in Fed. R. Bankr. P. 4007(c) may independently bar relief. *See also* Fed. R. Bankr. P. 523(c).

Brooks, and the United States Trustee, and shall send a courtesy copy of this order to the

Plaintiff's mother at the following address, provided by Mr. Bucceri after the hearing:

Jennifer Callender-Wright
4189 E. Rolston
Linden, MI 48451

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 23, 2018**



Scott W. Dales
United States Bankruptcy Judge